# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARK LUCERO,

    Plaintiff,

v.                                                                 No. 1:18-cv-1088-WJ-SCY

CITELUM US, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE

**THIS MATTER** is on the docket pursuant to Plaintiff's Opposed Motion to Strike [Doc 53] and [Doc 54] Under Local Rule 7.4, Judicial Estoppel, and Canon 3 of the Code of Judicial Ethics, Doc. 55, filed October 31, 2019 ("Motion").

Plaintiff filed two motions for partial summary judgment, one on July 22, 2019, and the other on October 8, 2019.  *See* Doc's 23, 47.  October 22, 2019, was the deadline for filing both responses.  *See* Doc. 50, filed October 9, 2019.  "The response deadline was [further] extended until October 24, 2019 by agreement of the parties."  Motion at 3.

On October 24, 2019, after realizing there was a problem obtaining a properly executed witness affidavit, Defendant's Counsel attempted to contact Plaintiff's Counsel, who was out of the country.  Response at 2, Doc. 58, filed November 18, 2019.  Plaintiff's Counsel was not available by phone and did not respond to Defense Counsel's email.  Response at 2.  It is my understanding from speaking with my Judicial Assistant (who has worked with me more than 20 years) that Defense Counsel called the main chambers phone number and my Judicial Assistant answered the phone.  Defense Counsel spoke only to my Judicial Assistant, as I was not a party to

the conversation, and my understanding is that my Judicial Assistant told Defense Counsel that I would probably not have a problem with her filing her response one day late but that she, my judicial assistant, would call Defense Counsel back if she needed to file a motion for an extension.

My judicial assistant did ask me later in the afternoon if I wanted Defense counsel to file a motion requesting a one day extension and I told my judicial assistant that I approved of what she communicated to Defense counsel and I think I said something along the lines that I was not interested in dealing with "petty nonsense"[1] like this. Defendant timely filed its responses on October 25, 2019. *See* Doc's 53, 54.

I am denying Plaintiff's motion to strike the responses as untimely for the following reasons. First, Defense Counsel did not file a motion for extension of time to file her responses one day late based on information provided by my Judicial Assistant.

Second, I am denying Plaintiff's motion to strike the responses under the doctrine of judicial estoppel. Plaintiff's Counsel argues that Defendant obtained an "outrageously long extension" of three months based on Defendant's representation to the Court that it could not respond without the testimony of a witness but then responded without the testimony. Motion at 4-5.

> The doctrine of judicial estoppel is based upon protecting the integrity of the judicial system by prohibiting parties from deliberately changing positions according to the exigencies of the moment .... The Tenth Circuit applies the doctrine both narrowly and cautiously.... [because] judicial estoppel is a powerful weapon to employ against a party seeking to vindicate its rights, and there are often lesser weapons that can keep alleged inconsistent statements in check while preserving a party's option to have its day in court.... Judicial estoppel is only appropriate when [impeachment at trial of the party that made the inconsistent statement] or other less forceful remedies are inadequate to protect the integrity of the judicial system.

---

[1] I may have used language a bit more colorful.

*Vehicle Market Research v. Mitchell Intern., Inc.*, 767 F.3d 987, 992-993 (10th Cir. 2014). Plaintiff has failed to show that other less forceful remedies are inadequate to protect the integrity of the judicial system.

Third, I am denying Plaintiff's motion to revoke the one-day extension of time and to strike the responses as untimely. Plaintiff's Counsel argues that the *ex parte* communication between Defense Counsel and the Court[2] to obtain the one-day extension is "prohibited under Canon 3 of the Code of Judicial Ethics unless [it is] 'necessary' and 'do[es] not provide any party a procedural advantage,' and because [Defendant] would have obtained a definite procedural advantage if it was granted an opposed motion to extend the briefing deadline without filing the 'separate motion' required by Local Rule 7.4(a)." Motion at 6-7. Canon 3 states a judge may:

> when circumstances require it, permit ex parte communication for scheduling, administrative or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication.

Code of Conduct for United States Judges, Canon 3(A)(4)(b). To the extent that the telephone conversation between Defense Counsel and my Judicial Assistant can be considered as an *ex parte* communication, the conversation did not address a substantive matter; it only addressed a one-day extension of time to file a responsive pleading. Defendant did not gain a procedural advantage by not having to file a motion for a one-day extension. Had Defendant's counsel filed a motion for one day extension, it would have been granted.

Plaintiff's Counsel's argument regarding the *ex parte* communication by Defense Counsel requesting a one-day extension suggests that Plaintiff's counsel, had he been available, may have

---

[2] To the extent that Plaintiff's Counsel is contending that Defense Counsel and I had direct communication, that assertion is false. As stated earlier in this order, Defense Counsel did speak directly with my Judicial Assistant and later that same day my Judicial Assistant spoke with me about her conversation with Defense Counsel.

opposed Defendant's request for a one-day extension thereby forcing Defendant to file an opposed motion. I want to take this opportunity to remind Plaintiff's Counsel of the importance of complying with the District of New Mexico's Local Rules of Civil Procedure, which establish the timing of responses and replies, and require that "[l]awyers appearing in this District must comply with the section for lawyers of 'A Creed of Professionalism of the New Mexico Bench and Bar.'" D.N.M.LR-Civ. 83.9. The Creed of Professionalism directs lawyers to "agree to reasonable requests for extensions of time or waivers of formalities when legitimate interests of [their] client will not be adversely affected," and to "cooperate with opposing counsel's requests for scheduling changes." Compliance with the District's Local Rules and the Creed of Professionalism is critical to resolving cases quickly and inexpensively because the purpose of such compliance is to avoid having the Court, which has a tremendously high case load, expend its resources on matters that should be resolved informally between counsel. I expect counsel for all parties to comply with the District of New Mexico's Local Rules of Civil Procedure and New Mexico's Creed of Professionalism.

Finally, I believe referring counsel to 28 U.S.C. § 1927, which permits the Court to assess costs and attorney's fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously," is warranted. I have decided not to order Plaintiff's Counsel to show cause as to why I shouldn't sanction him pursuant to 28 U.S.C. § 1927 because that would require me to spend more time on this frivolous matter. However, I will not hesitate to enter such an order in the future should the situation call for it.

**IT IS ORDERED** that Plaintiff's Opposed Motion to Strike [Doc 53] and [Doc 54] Under Local Rule 7.4, Judicial Estoppel, and Canon 3 of the Code of Judicial Ethics, Doc. 55, filed October 31, 2019, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff may file Replies to Defendant's Responses to Plaintiff's motions for partial summary judgment [Docs. 53 and 54] within 14 days from entry of this order.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**